JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Nicole Drey Huerter, SBN: 250235
    E-mail: ndrey@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540
Facsimile: (818) 888-7544

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGI SPOT, LLC, et al.,<br><br>    Defendants. | Case No.: 3:18-cv-05444-SI<br><br>**AMENDED STIPULATION FOR ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF ENTIRE ACTION, WITH PREJUDICE**<br><br>**Judge**: Honorable Susan Illston |

    Plaintiff Adobe Systems Incorporated ("Plaintiff"), through its counsel of record, and Defendant Jabbar Mohammed ("Defendant"), pro se, hereby stipulate and agree as follows:

    1.    This case involves Plaintiff's claims of federal Copyright Infringement arising under 17 U.S.C. §501(a), Trademark Infringement arising under 15 United States Code ("U.S.C.") §1114, False Designation of Origin under 15 U.S.C. §1125(a), Trademark Dilution under 15

U.S.C. §1125(c), and Unfair Business Practices pursuant to California Business & Professions Code §17200.

2. The Court has supplemental jurisdiction over Plaintiff's claims arising under California statutory and common law pursuant to 28 U.S.C. §1367 because they are so related to the federal claims as to form part of the same case or controversy.

3. Plaintiff is a Delaware corporation with its principal place of business in San Jose, California.

4. Defendant is an individual residing in Richmond, Texas, and the President of Digi Spot, LLC, a Texas limited liability company.

5. Plaintiff is the source of the ADOBE® line of software products and services, including but not limited to ADOBE®-branded ACROBAT® software products and services, and uses and owns various trademarks, copyrights and other intellectual property on and in connection with such products and services, including, among others, its ADOBE® word and design marks, its ACROBAT® word and design marks, its copyrights in and related to its software, websites, text and other works of authorship, along with various trademark and copyright applications and registrations therefor in the United States and abroad (collectively "Plaintiff's Trademarks and Copyrights").

6. Plaintiff alleges that consumers and/or purchasers in the United States have come to recognize Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE® and ACROBAT® marks and works, and Plaintiff has acquired a valuable reputation and goodwill among the public as a result of such association. Indeed, the ADOBE® and ACROBAT® marks are famous in the United States.

7. Defendant acknowledges and does not contest Plaintiff's exclusive rights in and to Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE® and ACROBAT® marks and works, and Plaintiff's exclusive right to distribute products utilizing Plaintiff's Trademarks and Copyrights, including the ADOBE® and ACROBAT® marks and works.

/ / /

- 2 -
STIPULATION FOR ENTRY OF PERMANENT INJUNCTION AND DISMISSAL - Case No.: 3:18-cv-05444-SI

8. Plaintiff alleges that Defendant infringed on Plaintiff's Trademarks and Copyrights and that his activity constitutes federal Copyright Infringement, Trademark Infringement, False Designation of Origin, Dilution, Unfair Business Practices under California law, and other violations of various state and federal statutory and common law.

9. Plaintiff has no adequate remedy at law for the acts of Defendant complained of herein, as injury to Plaintiff's reputation and goodwill cannot be quantified and such injury cannot be compensated by monetary amounts.

10. Plaintiff and Defendant shall each bear their own fees and costs.

11. Upon entry of the [Proposed] Permanent Injunction against Defendant, filed concurrently herewith, this case may be dismissed in its entirety, with prejudice.

IT IS SO STIPULATED by the parties hereto:

DATED: December 3, 2018        JOHNSON & PHAM, LLP

By: _/s/_ Marcus F. Chaney
Marcus F. Chaney, Esq.
Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

DATED: December 6, 2018

By: *jabbar mohammed*
JABBAR MOHAMMED
Defendant Pro Se

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, California 91367. On December 6, 2018, the following document was served in the manner and to the recipient(s) set forth below:

**AMENDED STIPULATION FOR ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF ENTIRE ACTION, WITH PREJUDICE**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

☒ BY E-MAIL / ELECTRONIC DELIVERY - by causing such document(s) to be transmitted by electronic.

M. Obaid Shariff, Esq.          E-mail: mshariff@sharifflawfirm.com
The Shariff Law Firm, PLLC
4734 West Alabama Street, Suite 201
Houston, Texas 77027

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I am a member of the bar of this court at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2018 at Woodland Hills, California.

\_\_\_/s/ Marcus F. Chaney_____
Marcus F. Chaney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO COURTHOUSE

| ADOBE SYSTEMS INCORPORATED, | Case No.: 3:18-cv-05444-SI |
|---|---|
| Plaintiff, | **[PROPOSED] AMENDED PERMANENT INJUNCTION AND DISMISSAL OF ENTIRE ACTION, WITH PREJUDICE** |
| v. | |
| DIGI SPOT, LLC, et al., | **Judge**: Honorable Susan Illston |
| Defendants. | |

The Court, pursuant to the Stipulation for Entry of Permanent Injunction and Dismissal ("Stipulation"), between Plaintiff Adobe Systems Incorporated ("Plaintiff"), on the one hand, and Defendant Jabbar Mohammed ("Defendant"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting at his direction, including any and all agents, servants, employees, partners, assignees, distributors, suppliers, resellers and any others over which he may exercise control, are hereby restrained and

enjoined, pursuant to 15 United States Code ("U.S.C.") §1116(a) and 17 U.S.C. §502, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

  A. copying, manufacturing, importing, exporting, marketing, purchasing, acquiring, offering for sale, selling, distributing, drop shipping or dealing in any product or service that uses, or otherwise making any use of, any unauthorized copies of Plaintiff's trademarks and copyrights, including but not limited to ADOBE® and/or ACROBAT® marks and works (collectively "Plaintiff's Trademarks and Copyrights"), and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

  B. copying or downloading, other than for personal use of a validly licensed and registered software, of any software containing Plaintiff's Trademarks and Copyrights, including but not limited to ADOBE® and/or ACROBAT® marks and works and/or any Intellectual Property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's Trademarks and Copyrights;

  C. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing, drop shipping or dealing in any product or service that uses, or otherwise making any use of any Original Equipment Manufacturer ("OEM") versions of Plaintiff's software;

  D. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing, drop shipping or dealing in any product or service that uses, or otherwise making any use of any of Plaintiff's serial activation keys or numbers;

  E. importing, exporting, marketing, purchasing, downloading, selling, offering for sale, distributing, drop shipping or dealing in any product or service that uses, or otherwise making any use of any of Plaintiff's products that are intended to be sold only outside

of the United States of America or Canada;

      F.     performing or allowing others employed by or representing him, or under his control, to perform any act or thing which is likely to injure Plaintiff, any of Plaintiff's Trademarks and Copyrights, and/or Plaintiff's business reputation or goodwill;

      G.     engaging in any acts of federal and/or state copyright infringement, trademark infringement, false designation of origin, unfair competition, dilution, or other act which would damage or injure Plaintiff;

      H.     using any Internet domain name or website that includes any of Plaintiff's Trademarks and Copyrights, including but not limited to the ADOBE® and/or ACROBAT® marks and works; and/or

      I.     applying to the Adobe Partner Connection Program or any other authorized reseller or distribution program sponsored or approved by Plaintiff or one of its agents. This prohibition includes Defendant applying to such a program through any other business name or sales platform and/or using the information of any of Defendant's agents, servants, employees, partners, directors, officers, assignees, family members, or any others affiliated with Defendant. Any acceptance or approval by Plaintiff of an application made in violation of this provision shall not be construed as a waiver or modification of this explicit injunctive provision, unless the Parties jointly file a Stipulation with the Court seeking relief from this provision and the Court so orders.

    2.     Defendant is ordered to deliver immediately for destruction all unauthorized products, including OEM or non-U.S./Canadian-intended versions of Plaintiff's software and related products, serial activation keys and cards, labels, signs, prints, packages, wrappers, receptacles and advertisements relating thereto in his possession or under his control bearing any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, to the extent that any of these items are in Defendant's possession.

    3.     This Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

///

4. The Court finds there is no just reason for delay in entering this Permanent Injunction against Defendant, and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Permanent Injunction against Defendant.

5. **NO APPEALS AND CONTINUING JURISDICTION.** No appeals shall be taken from this Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of the underlying Confidential Settlement Agreement, upon which Defendant has made payment to Plaintiff, and this Permanent Injunction against Defendant.

6. **NO FEES AND COSTS.** Each party shall bear their own attorneys' fees and costs incurred in this matter.

7. **DISMISSAL.** The Court hereby dismisses this case in its entirety, with prejudice, upon entry of this Permanent Injunction against Defendant.

IT IS SO ORDERED, ADJUDICATED and DECREED this ___6th___ day of December, 2018.

_/s/ Susan Illston_____
HONORABLE SUSAN ILLSTON
United States Senior District Judge
Northern District of California

- 4 -
[PROPOSED] AMENDED PERMANENT INJUNCTION AND DISMISSAL - Case No.: 3:18-cv-05444-SI

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, California 91367. On December 6, 2018, the following document was served in the manner and to the recipient(s) set forth below:

**[PROPOSED] AMENDED PERMANENT INJUNCTION AND DISMISSAL OF ENTIRE ACTION, WITH PREJUDICE**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

☒ BY E-MAIL / ELECTRONIC DELIVERY - by causing such document(s) to be transmitted by electronic.

M. Obaid Shariff, Esq.　　　　　　　　　　E-mail: mshariff@sharifflawfirm.com
The Shariff Law Firm, PLLC
4734 West Alabama Street, Suite 201
Houston, Texas 77027

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I am a member of the bar of this court at whose direction this service was made.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2018 at Woodland Hills, California.

　　　　　　　　　　　　　　　　　　　___/s/ Marcus F. Chaney_____
　　　　　　　　　　　　　　　　　　　Marcus F. Chaney